BENJAMIN KIND, Plaintiff, *v.* WESTCHESTER COAT & APRON SUPPLY Co., INC., Defendant.

Supreme Court, Special Term, Bronx County, March 18, 1948.

*Myron P. Gordon* and *Gerald L. Meyerson* for defendant.

*Louis Waldman* and *Charles H. Green* for plaintiff.

BRISACH, J. In this action for unpaid overtime services defendant moves for summary judgment. The complaint alleges two causes of action, the first of which is brought under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*). In the second cause of action plaintiff seeks recovery as a third party beneficiary under collective bargaining agreements between the defendant and the labor union of which plaintiff was a member.

Defendant's motion challenges the validity of the first cause of action on the ground that plaintiff was a driver of a motor vehicle operated in interstate commerce by a private carrier, and, as such, was exempt from the maximum hours provision of the Fair Labor Standards Act. As to the second cause of action it is contended that the collective bargaining agreements provide that the consent of the union was a condition precedent to any action plaintiff may bring under that agreement.

Plaintiff was a routeman in defendant's linen supply business, which business has at all times been located in the State of New York. On two days of each and every week of the time for which plaintiff claims overtime compensation, he worked in the State of Connecticut. During each of those two days he was actually engaged in the operation of his vehicle for a period of two hours.

Subdivision (b) of section 13 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 213, subd. [b]) provides: "The provisions of section 207 [Maximum Hours Provision] of this title shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49; or (2) any employee of an employer subject to the provisions of sections 1–27 of Title 49."

Thus, if the Interstate Commerce Commission has the power to establish the qualifications and maximum hours of service for the plaintiff, the alleged first cause of action must fall.

Among the powers and duties of the Interstate Commerce Commission is the power (U. S. Code, tit. 49, § 304, subd. [a], par. [3]): "To establish for private carriers of property by motor vehicle, if need therefor is found, reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment. * * *"

And the term " private carrier " is defined by the Motor Carrier Act (U. S. Code, tit. 49, § 303, subd. [a], par. [17]) as follows: "The term ' private carrier of property by motor vehicle ' means any person not included in the terms ' common carrier by motor vehicle ' or ' contract carrier by motor vehicle ', who or which transports in interstate or foreign commerce by motor vehicle property of which such person is the owner, lessee, or bailee, when such transportation is for the purpose of sale, lease, rent, or bailment, or in furtherance of any commercial enterprise."

Plaintiff argues that he is not covered by subdivision [b] of section 13 of the Fair Labor Standards Act (U. S. Code, tit. 29, § 213, subd. [b]) because the actual operation of his vehicle without the State was slightly in excess of two hours a day for two days a week. Thus, it is urged, that since he did not spend a substantial amount of time in actual operation of his vehicle in interstate commerce, the exemption does not apply to his case.

In *Southland Gasoline Co.* v. *Bayley* (319 U. S. 44), it was held that drivers employed by private carriers in interstate commerce are exempt from the hours provisions of the Fair Labor Standards Act. The decision in *Levinson* v. *Spector Motor Service* (330 U. S. 649), is to the effect that partial-duty drivers in interstate commerce were exempt even though only part of their time was devoted to driving in interstate commerce. And, more recently, in *Morris* v. *McComb*, (332 U. S. 422), the question presented was whether the Interstate Commerce Commission had power to establish qualifications and maximum hours of service with respect to drivers and mechanics employed full time, as such, by a common carrier by motor vehicle, when the services rendered, through such employees, by such carrier, in interstate commerce, are distributed generally throughout the year, constitute 3% to 4% of the carrier's total services. It was held that the commission had the power to establish the maximum hours in a situation not unlike the one at bar and that the overtime requirements of section 7 of the Fair Labor Standards Act did not apply to such employees. The court there said: " The issue would appear in its simplest form if each driver were required, each day, to devote 24 minutes (i.e., 4% of his allowable daily aggregate of ten hours of driving time) to driving in interstate commerce. The question then would be whether the Commission has the power to establish his qualifications and maximum hours of service in view of the relation of this driving to safety of operation in interstate commerce. Under the tests of the Commission's power, as approved in both the majority and minority opinions in the *Levinson* case, and under the analysis of that power developed by the Interstate Commerce Commission and cited in that case, it is ' the character of the activities rather than the proportion of either the employee's time or of his activities that determines the actual need for the Commission's power to establish reasonable requirements with respect to qualifications, maximum hours of service, safety of operation and equipment.' It is beyond question that, under such circumstances, § 204 (a) (1) of the Motor Carrier Act has authorized the Commission to establish reasonable require-

ments with respect to qualifications and maximum hours of service of such drivers. The Fair Labor Standards Act, which was passed three years later, has recognized and does not restrict the Commission's power over the safety of operation under the Motor Carrier Act.'' (P. 431.)

It would seem clear, under the decisions above mentioned, that plaintiff's argument to the effect that his major duties are of a character different than interstate operation of his vehicle, is of no consequence. Nor, under the decision in the *Morris* case (*supra*), does any question of fact arise as to whether the amount of time spent by plaintiff in the interstate operation of his vehicle was substantial.

It follows that if the first cause of action must fall, the second cause of action must likewise be dismissed, since even assuming that plaintiff was a third party beneficiary he would have no cause of action.

Motion for summary judgment granted. Settle order.